KARL J. GOETHEL, District Attorney Pepin County
You request my opinion concerning the constitutionality of the recent legislation enacted as part of ch. 90, Laws of 1973, which provides for the combination of Pepin and Buffalo Counties for the purpose of electing one county judge to serve both counties. The law further provides that the county judge of Buffalo County will also serve as county judge for Pepin County from July 31, 1974 (the date the present Pepin County judge must retire, as required by sec. 41.11 (3), Stats., by virtue of reaching mandatory retirement age) until the commencement of the first term of office of a judge elected for the combined counties, in January, 1978.
You advise that the term for which the current Pepin County judge was elected was to expire in January, 1975. But for the purported effect of the questioned enactments by the 1973 Legislature, an election would be held pursuant to statute in the spring of 1974 to elect a judge for Pepin County for a term of six years commencing January, 1975. See secs. 5.60 (1) and253.06, Stats.
Sections 489m, 490m and 561 (8), ch. 90, Laws of 1973, provide as follows:
 "SECTION 489m. 253.05 (1m) of the statutes is created to read:
 "253.05 (1m) Pepin and Buffalo counties shall be combined into one district for the purpose of electing a county judge to serve and preside in both the county court of Pepin county and the county court of Buffalo county.
* * * *Page 25 
 "SECTION 490m. 253.08 (3m) of the statutes is created to read:
 "253.08 (3m) BUFFALO AND PEPIN COUNTY COURTS. The judge and court reporter for the Pepin and Buffalo county courts shall be reimbursed, one-half by each county, for the actual and necessary expenses incurred by them in the discharge of their judicial and reportorial duties, respectively, away from the county seat of the county of their residence but within the district specified in s. 253.05 (4).
* * *
"SECTION 561. Effective dates.
* * *
 "(8) BUFFALO AND PEPIN COUNTY COURT CHANGES. The treatment of sections 253.05 (1m) and 253.08 (3m) of the statutes by this act shall take effect August 1, 1974, and the first election to fill the judgeship created by those sections shall be held at the spring election in 1977. After August 1, 1974, and prior to the commencement of the term of the judge elected at such election, the judge of the Buffalo county court shall serve and preside in both the county court of Pepin county and the county court of Buffalo county." (Emphasis added.)
The manner in which these provisions of ch. 90, Laws of 1973, affect the terms of office of the Pepin and Buffalo County courts may arguably be viewed in a number of different ways. The legislation can be considered as having extended the current term of office of Pepin County judge beyond its normal termination date, in January, 1975, until January, 1978; or, it can be interpreted as providing for a termination of the term of the Pepin County judge on July 31, 1974, and the creation of a new term for that office beginning August 1, 1974, and ending in January, 1978; or the law may be treated as having created a joint Buffalo-Pepin County judgeship effective August 1, 1974. Regardless of which was intended by the legislature, however, the law appears to provide for a legislative appointment of the Buffalo County judge to another county judgeship, in the interim between the mandatory retirement of the present Pepin County judge, on July 31, 1974, and the commencement of the term of the *Page 26 
first judge to be elected to a joint Buffalo-Pepin County judgeship, in January, 1978. Such a legislative appointment to the office of county judge would probably be held by the courts to be contrary to the provisions of Art. VII, sec. 2 and Art.XIII, sec. 10, Wis. Const.
Article VII, sec. 2, Wis. Const., provides in part as follows:
 ". . . the legislature shall provide as well for the election of judges of the municipal courts as of the judges of inferior courts, by the qualified electors of the respective jurisdictions. The term of office of the judges of the said municipal and inferior courts shall not be longer than that of the judges of the circuit courts." (Emphasis added.)
Article XIII, sec. 10, Wis. Const., provides as follows:
 "The legislature may declare the cases in which any office shall be deemed vacant, and also the manner of filling the vacancy, where no provision is made for that purpose in this constitution."
Although county courts are created under the general authority of Art. VII, sec. 2, Wis. Const., the Constitution neither created county courts nor required the legislature to do so; as statutory courts, therefore, the legislature possesses broad powers to create, alter or abolish such courts. State ex rel.Sachtjen v. Festge (1964), 25 Wis.2d 128, 143, 130 N.W.2d 457. Likewise, "The question as to whether several counties are to be served by a single judge is a matter of legislative policy, not of constitutional mandate," Pamanet v. State (1971), 49 Wis.2d 501,505, 182 N.W.2d 459, and in the absence of constitutional provisions, "it is generally considered that the legislature has an inherent power to establish and change the territorial ambits of jurisdiction." 20 Am. Jur. 2d, Courts, sec. 22, p. 403. However, where provisions of law have the effect of depriving the electors of a county of a free choice of candidates, they have been found to be unconstitutional. State ex rel. Pierce v.Kundert (1958), 4 Wis.2d 392, 90 N.W.2d 628.
While the prescribing of laws for the election or appointment to an office is a legislative function, that function does not include the power of making the appointment itself. State ex rel.Dithmar v. Bunnell (1907), 131 Wis. 198, 215, 110 N.W. 177. Likewise, the power entrusted in the legislature by Art. XIII, sec. 10, Wis. Const., *Page 27 
does not include authority to declare a particular office vacant, by direct act. State ex rel. Attorney General v. Messmore (1861),14 Wis. 177, 194. Therefore, it follows rather naturally that under the provisions of Art. VII, sec. 2, Wis. Const., in the absence of some proper legislative implementation of Art. XIII, sec. 10, Wis. Const., an attempt to provide for the selection of a county judge otherwise than by an election by the qualified electors of the jurisdiction to be served is void. State ex rel.Reynolds v. Sande (1931), 205 Wis. 495, 500, 238 N.W. 504.
The above provisions of ch. 90, Laws of 1973, were apparently intended to preclude the application of the statutes which would otherwise automatically provide for a spring 1974 judicial election to fill the office of Pepin County judge for a six-year term beginning in January, 1975. By these provisions the legislature also presumably intended to create the office of county judge for a joint Buffalo-Pepin County court district, and appoint the county judge of Buffalo County to such office. Viewed in this manner these provisions would purport to effect a termination of the office of county judge of Pepin County, as well as perhaps Buffalo County, as of August 1, 1974, and provide for what would be, in effect, a legislative appointment to the joint judicial once of doubtful constitutionality.
While it is also arguable that the legislature in enacting the subject provisions of ch. 90, Laws of 1973, may not have intended to provide for a joint Buffalo-Pepin County judgeship effective August 1, 1974, but rather may conceivably have only intended to effect either an extension of the term of the present Pepin County judge or the creation of a new term for such office as of that date, even such an interpretation presumably would not save such provisions from constitutional infirmity under Art. VII, sec. 2, Wis. Const.
While a term of office not fixed by the Constitution may be shortened, leaving the power of the electorate unimpaired to fill the office anew, if the office is to be continued, State v.Douglas (1870), 26 Wis. 428, 7 Am. Rep. 87, ". . . the continuance of a person in office by legislative interference, beyond the specific term for which he was elected or appointed, is equivalent to a new appointment to the office, and void if the office be one that the legislature cannot fill by direct appointment or election." O'Connor v. City of Fond du Lac (1901),109 Wis. 253, 268, 85 N.W. 327. A county judgeship is obviously an *Page 28 
office which the legislature cannot fill "by direct appointment or election."
Furthermore, if the subject legislation were viewed as lengthening the present term of the Pepin County judgeship, it could also be considered as an unconstitutional extension of the current six-year term of the Pepin County judge in violation of that portion of Art. VII, sec. 2, Wis. Const., which limits the term of office of the judges of inferior courts to that of judges of the circuit courts. Since the term of office for circuit court judges is six years, the legislature obviously lacks the power to prescribe a term of office for a county court for a period longer than six years. 26 OAG 163 (1937).
It is therefore my opinion that a court might hold that the legislature lacks the power to appoint the Buffalo County judge sitting as of August 1, 1974, to also "serve and preside" as Pepin County judge, from that date until a judge elected from both counties to a joint Buffalo-Pepin County judgeship takes office in January, 1978, on the basis that such a legislative appointment violates the provisions of Art. VII, sec. 2 and Art.XIII, sec. 10, Wis. Const. However, although I express some doubt as to the constitutionality of the legislation in question, such does not relieve the public officials immediately involved from complying with such legislation until the matter has been resolved in some judicial forum.
RWW:JCM