STATE EX REL. GODFREY, Petitioner, V. GOLLMAR, Respondent.

*No. 76–295. Submitted on briefs January 3, 1977.—*
*Decided March 15, 1977.*
(Also reported in 251 N. W. 2d 438.)

For the petitioner the cause was submitted on the briefs of *Thomas G. Godfrey* of Elkhorn.

For the respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *David C. Rice,* assistant attorney general.

HEFFERNAN, J. This original action was commenced on petition of Attorney Thomas G. Godfrey for the purpose of testing the constitutionality of sec. 17.026, Stats., ch. 332, Laws of 1975, and the authority of Robert H. Gollmar to assume the duties of circuit judge of the Twenty-sixth Judicial Circuit, pursuant to the appointment of the Chief Justice in accordance with the provisions of that statute. We conclude that sec. 17.026, Stats., ch. 332, Laws of 1975, is constitutional and that the respondent, Robert H. Gollmar, is lawfully authorized to discharge the duties of circuit judge.

Erwin C. Zastrow was elected circuit judge for the Twenty-sixth Judicial Circuit for a term of six years commencing in January of 1976. Shortly after entering upon his term of office, he became ill and was unable to perform the duties of that office.

After following the procedure outlined in sec. 17.026, Stats., the Chief Justice of the Supreme Court, by order dated November 10, 1976, assigned Reserve Circuit Judge Robert H. Gollmar to assume the duties theretofore performed by Judge Zastrow.

Sec. 17.026, Stats., was passed by the legislature as Senate Bill 459 of 1975 and was published on June 12, 1976. Its purpose was that set forth in the caption to the bill: ". . . to create 17.026 of the statutes, relating to filling temporary vacancies in the offices of circuit or county judge . . . ." The statute provides:

"17.026 Temporary vacancies, circuit and county judges. (1) Whenever a judge of a circuit or county court is found incapable of performing, or materially impaired in ability to perform, the duties of the office, by reason of physical or mental infirmity, a temporary vacancy exists. The determination that a temporary vacancy exists shall be made by the judicial commission.

"(2) The supreme court shall establish the procedure to be used in determining whether a temporary vacancy exists, including provisions for convening by voluntary and involuntary petition and for determining that a

temporary vacancy no longer exists. When a temporary vacancy is found to exist, the incumbent judge shall continue to receive the salary and other benefits to which entitled, and the person appointed to serve temporarily shall for the period of temporary service receive salary and other benefits computed at the rate of the incumbent judge's salary and benefits, to be vouchered against the appropriation under s. 20.625(1).

"(3) When the temporary vacancy exists in the office of circuit court judge, the duties of the office shall be assumed by a reserve judge appointed under section 24 of article VII of the constitution. If no reserve judge is available, the duties of the office shall be assumed by an acting circuit court judge appointed by the governor.

"(4) When the temporary vacancy exists in the office of county court judge, the duties of the office shall be assumed by a retired judge appointed under s. 253.195. If no retired judge is available, the duties of the office shall be assumed by an acting county court judge appointed by the governor."

In accordance with the provisions of that statute, the Supreme Court promulgated rules for its implementation, and, after a hearing, the Judicial Commission found that a temporary vacancy existed in the office of circuit judge because Judge Zastrow "is incapable of performing, or materially impaired in his ability to perform, the duties of his office by reason of physical or mental infirmity."

The Commission's findings were certified to the Chief Justice of the Supreme Court, and he, on November 10, 1976, by order captioned, "Disability Assignment—Order Assigning Judge," appointed Reserve Circuit Judge Gollmar to act as circuit judge. The appointment of the Chief Justice stated in part:

". . . pursuant to law and the provisions of Sec. 17.-026, Wis. Stats., created by Chapter 332, Laws of 1975, I hereby appoint the Hon. Robert H. Gollmar, Reserve Circuit Judge, to the office of Circuit Judge for the 26th Judicial Circuit, Walworth County, during the temporary vacancy occasioned by the disability of the Hon. Erwin

C. Zastrow, or until further order of the Chief Justice of the Wisconsin Supreme Court."

Judge Gollmar had served as a circuit judge elsewhere in the state until the time he retired and took a reserve status. At the time of the Chief Justice's appointment, Judge Gollmar was seventy-three years old.

After filing of the petition for the issuance of a writ of *quo warranto* by Attorney Thomas G. Godfrey, the petitioner, appearing on his own behalf, and Judge Gollmar, represented by the Attorney General's office, were heard on the question of whether this court should take original jurisdiction. After oral argument, this court concluded that the matter was *publici juris* and should be heard as an original action, because, arguably at least, the authority of Robert H. Gollmar to perform judicial duties as acting circuit judge of the Twenty-sixth Judicial Circuit was in question, the validity of trials and judgments under the circumstances might, therefore, be subject to collateral attack, and the validity of the judgments of a circuit court of this state was a matter of state-wide concern.

In addition, it was concluded that the commencement of an action in a trial court of the state would be unduly time consuming and would not afford a speedy remedy to either the petitioner or the respondent Gollmar.

It is basically the contention of the petitioner that no vacancy within the meaning of the Constitution existed by virtue of the disability of Judge Zastrow and that, in any event, the Constitution of the State of Wisconsin does not permit the Chief Justice of the Supreme Court of Wisconsin or an associate justice to appoint a person to the *office* of judge of a circuit court.

Additionally, the petitioner argues that Robert H. Gollmar, who was over seventy-three years of age, may not be appointed to the position, because art. VII, sec. 24, of the Wisconsin Constitution provides, "No person seventy years of age or over may take office as a supreme court justice or circuit judge."

It is apparent, as the petitioner recognizes, that each objection to the appointment of Judge Gollmar is focused upon the contention that the appointment was to the *office* of circuit judge. We conclude, the language of the appointment document notwithstanding, that Robert Gollmar was appointed not to the office of circuit judge, but was appointed, as the statute provides, to perform the *duties* of the incumbent judge and to "serve temporarily . . . for the period of temporary service." Sec. 17.026 (2), Stats.

The statute makes clear that the powers of the Judicial Commission and of the Chief Justice of the Supreme Court are triggered when the incumbent is unable to discharge his duties by reason of physical or mental infirmity. The appointment thereafter made, either by a Justice of the Supreme Court or by the Governor, is one for the temporary performance of the duties of the office. Nowhere in the statute is there any provision made for the vacation of the office by the incumbent and the assumption of the office by the new appointee. On the contrary, it is clear that "the incumbent judge shall continue to receive the salary and other benefits to which entitled . . . ."

The office of circuit judge of the Twenty-sixth Judicial Circuit continues to be held by Erwin C. Zastrow. Robert H. Gollmar is performing the duties of that office but has not assumed the office itself. Sec. 17.026, Stats., insofar as the assignment of Judge Gollmar to the Twenty-sixth Judicial Circuit is concerned, does no more than was accomplished by sec. 251.182, which authorized that:

"The chief justice . . . of the supreme court . . . shall . . . assign . . . circuit judges qualified under article VII, section 24, of the Wisconsin constitution to serve temporarily in circuit court."

Under sec. 251.182, Stats., reserve judges have for many years, as a result of the legislative enactment, been

able to discharge the duties of a judge in a circuit court by assignment even though they were not elected to serve in that circuit. Hence, it is apparent that sec. 17.026, passed in 1975, does nothing new in respect to the power or authority of a judge who is temporarily appointed to serve in a judicial circuit.

The appointment made under sec. 17.026, Stats., is, however, for a different purpose than that contemplated by sec. 251.182. Sec. 251.182 is designed primarily to furnish judicial assistance during periods of temporary inability of a resident judge to serve, either because of short-term illness or because of an unusually heavy caseload, which makes additional judge power necessary. Under the provisions of sec. 251.182, either a circuit judge or county judge from another venue or a reserve judge may be designated to perform the duties of the office of circuit judge.

Under sec. 251.182, Stats., however, for temporary assignments, a reserve judge is entitled only to the per diem authorized elsewhere in the statutes. While sec. 17.026 provides for the identical type of service for the substitute judge, the appointment is triggered only by reasons of physical or mental infirmity which precludes the performance of the duties by the incumbent. In addition, under such circumstances—where the inability to perform will necessitate an appointment of a substitute for an extended period—the person appointed to serve will receive the same salary as the incumbent judge. Because the incumbent continues to hold office and may do so until the end of his term, he also is entitled to the full salary and benefits until the end of his term.

In no less than four separate places in the statute is reference made to the "duties" of the office in contradistinction to the office itself. The statute does not contemplate, and does not authorize, a vacancy in the office and a new appointment to that office. Rather, it is

premised on the fact that the duties of the office are not being performed and that another judge may be appointed, not to the office, but to perform the duties.

It is apparent, therefore, that, under the statutes, the order of the Chief Justice of November 10, 1976, inaccurately referred to the appointment of Robert H. Gollmar to the "office" of circuit judge. Such order should more properly have directed that Robert H. Gollmar be appointed to perform the duties of that office during the period of the disability of Erwin C. Zastrow.

Under the plain language of the statute, we conclude that the Constitution is not affronted, because the Judicial Commission does not declare a "vacancy" in the office in the sense that "vacancy" is used elsewhere in the statutes. "Temporary vacancy," as used in sec. 17.-026, Stats., does not constitute an abdication of the office, resignation, or disqualification mandated by law, but is rather descriptive of that period of time during which a judge is incapable of performing, or is materially impaired in his ability to perform, the duties of his office. Sec. 17.026 (1). The proceedings under sec. 17.026 do not result in a vacancy in the office, nor do they result in the removal of the incumbent from office.

We accordingly conclude that this statute does not contravene art. XIII, sec. 12, art. VII, sec. 1, or art. VII, sec. 13, which, respectively, refer to the recall, impeachment, or removal of judges by address. It is, of course, beyond argument that the constitutional provisions set forth above constitute the constitutionally exclusive methods of declaring a vacancy and the method of removal from office. They are inapplicable under the procedure approved by the legislature by which the office is not vacated by the incumbent and only the duties of the position, and not the office itself, are assumed by the appointee.

The petitioner also argues that, even should we find that sec. 17.026, Stats., is constitutional, the appointment

of Robert H. Gollmar to the office of circuit judge for the Twenty-sixth Judicial Circuit is prohibited by art. VII, sec. 24, of the Wisconsin Constitution. That section of the Constitution now provides:

"Retirement and eligibility for office of justices and circuit judges. Section 24. [*As created April 1955 and amended April 1968*] No person seventy years of age or over may take office as a supreme court justice or circuit judge. No person may take or hold such office unless he is licensed to practice law in this state and has been so licensed for five years immediately prior to his election or appointment. No supreme court justice or circuit judge may serve beyond the July 31 following the date on which he attains the age of seventy. A person who has served eight or more years as a supreme court justice or circuit judge may serve temporarily, on appointment by the chief justice of the supreme court or by any associate justice designated by the supreme court, as a judge of a circuit court, under such general laws as the legislature may enact. [*1953 J.R. 46, 1955 J.R. 14, vote April 1955; 1965 J.R. 101, 1967 J.R. 22 and 56, vote April 1968*]"

Gollmar is seventy-three years of age. The petitioner argues that, although it has been heretofore assumed that a reserve judge may constitutionally serve past the age of seventy, a literal reading of art. VII, sec. 24, mandates that no judge or justice, regular or reserve, may serve after attaining the age of seventy.

Reading the first sentence of that section of the Constitution literally, as petitioner asserts we should, the prohibition is not in respect to serving as a Supreme Court justice or circuit judge beyond the age of seventy, but in taking "office" at the age of seventy or over. True, the third sentence of that section provides that, "No supreme court justice or circuit judge may serve beyond the July 31 following the date on which he attains the age of seventy." It is apparent that this latter sentence refers to the ineligibility of a judge or justice

to discharge the duties of the office to which he was elected beyond the retirement date set by the Constitution. It is unrelated to the provision of the Constitution which deals with reserve judges as a class. The final sentence of art. VII, sec. 24, relating to reserve judges, provides:

"A person who has served eight or more years as a supreme court justice or circuit judge may serve temporarily, on appointment . . . as a judge of a circuit court, under such general laws as the legislature may enact."

It is apparent from the Constitution itself that reserve judges as a class, as opposed to regular justices and judges, may serve after the age of seventy. That this interpretation is correct is apparent from the history of art. VII, sec. 24. This section was created by Joint Resolution 46 of 1953 and Joint Resolution 14 of 1955, which was submitted as a constitutional amendment to the people in April 1955. In parts pertinent to this opinion, the constitutional amendment of 1955 provided:

"No supreme court justice or circuit judge may serve beyond the end of the month in which he attains the age of seventy . . . . Any person retired under the provisions of this section may, at the request of the chief justice of the supreme court, serve temporarily as a circuit judge . . . ."

It is clear that, under the 1955 version of art. VII, sec. 24, only a judge retired at the age of seventy was qualified to serve in the temporary capacity as a reserve circuit judge.

That portion of the Constitution was again amended in 1968 following the passage of Joint Resolution 101 (1965) and Joint Resolutions 22 and 56 (1967). The 1968 amendment added the language which appears in the present Constitution, "No supreme court justice or circuit judge may serve beyond the July 31 following

the date on which he attains the age of seventy." The purpose of this amendment was to broaden the class of persons who were eligible to serve as reserve judges. Prior to the 1968 amendment, only those persons who had retired at the age of seventy could be reserve judges, but under the 1968 amendment any retired judge irrespective of age could serve, on appointment, if he had served eight or more years as either a supreme court justice or as a circuit judge.

The drafting file in connection with the proposed revisions to sec. 24 in 1968 and on file in the Legislative Reference Bureau is conclusive on this point:

"Presently, the constitution provides (by the amendment of 1955) as follows:

"1) A justice or circuit judge must retire at the end of the month in which he becomes 70.

"(2) If he retires before reaching 70, he may not serve temporarily as a circuit court judge.

"Resolution 13 proposes that the provisions be as follows:

"1) All retiring justices and circuit judges do so on a uniform annual date—July 31—this being in the summer when courts do not have their busiest sessions and statutory terms are ended or ending.

"2) If a justice or circuit court judge retires at age 65, or 68, or 69, he will *still* be permitted to serve as a reserve circuit judge if so appointed by the Supreme Court." (Emphasis supplied. )

In addition, the analysis of the constitutional amendment prepared by the Legislative Reference Bureau, Brief No. 68–1, March 1968, prepared as the explanation to the amendment submitted to the people in April 1968, stated:

*"Background, Question 2*
"The Constitution now requires that Supreme Court justices and circuit court judges be at least 70, the mandatory retirement age, before they are eligible for temporary appointment as circuit court judges. Under the proposed amendment, former justices and circuit judges would be eligible at any age for service as re-

serve circuit judges, if their previous judicial experience totaled at least 8 years."

It is therefore clear that the plain intent of the joint resolutions which led to the submission of the constitutional amendment in 1968 was to broaden the group of judges who were eligible to act as reserve judges. Prior to the amendment, only judges who had retired compulsorily at the age of seventy were eligible. After the adoption of the 1968 amendment, any judge or supreme court justice who had served eight years was eligible to be a reserve circuit judge, irrespective of age.

Judge Gollmar, accordingly, is not disqualified by reason of age from serving temporarily as a reserve judge to discharge the duties of the judge of the Twenty-sixth Judicial Circuit. He would, however, as the petitioner asserts, be ineligible "to take office" as the judge of the Twenty-sixth Judicial Circuit. However, he assumes not the office, but only the duties of circuit judge.

The petitioner also, in a reply memorandum brief, argues that sec. 17.026, Stats., is violative of both the equal-protection and due-process guarantees of the United States Constitution, because it provides for a procedure for filling a temporary vacancy in respect to judges of circuit or county courts, but does not provide a similar procedure in respect to Supreme Court justices. It should be pointed out that a substantially parallel procedure is, however, provided by sec. 17.025 (4) (e), Stats.

We are, however, not called upon in this action to determine whether or not there is such arbitrary discrimination in respect to classification of judges that either the guarantees of equal protection or due process are violated. In the instant situation, we have taken jurisdiction in respect to the petitioner's allegations of unconstitutionality, because he as a citizen of Walworth county in the Twenty-sixth Judicial Circuit and, as an attorney who practices before that circuit court, is concerned whether the circuit judge of that court has the

legal and constitutional authority to issue binding judgments and orders. What he now asserts, for the first time in his reply brief, is that the statute results in unequal treatment in respect to circuit and county judges vis-a-vis the statutory treatment accorded disabled Supreme Court justices. We see nothing in Attorney Godfrey's petition that would give him standing to assert such grievance in respect to statutory treatment of different classifications of judges. The petitioner, as a citizen and as an attorney, has, minimally at least, alleged a stake in the outcome of the controversy in respect to the powers of Judge Gollmar. There is, however, no evidence of any personal stake in respect to any claimed inequality of treatment concerning circuit and county court judges as compared to Supreme Court justices. He has no standing to assert this claim. We decline to consider that portion of his argument.

We conclude that sec. 17.026, Stats., is a constitutional enactment, for it does not provide for the removal of an incumbent from office, the declaration of a vacancy in office, or for the appointment to the office of circuit judge. It provides only for the appointment of a judge to discharge the duties of circuit judge. The office is occupied by the incumbent, Judge Erwin C. Zastrow.

Judge Gollmar was appointed to perform the duties of circuit judge by the Chief Justice of the Supreme Court in accordance with the legislatively mandated provisions of sec. 17.026, Stats.; and because he was appointed as a reserve judge, qualified under art. VII, sec. 24, he was not constitutionally ineligible to so serve by reason of being over the age of seventy.

*By the Court.*—Petition for writ of *quo warranto* dismissed; rights declared; sec. 17.026, Stats., held constitutional as set forth in the opinion.

BEILFUSS, C. J., took no part.