NATALIE SMITH, Executive Director Judicial Commission
You request informal advice with respect to the powers of the new Judicial Commission with respect to the abilities of The Honorable Judges William E. Gramling and Erwin C. Zastrow to perform the duties of their respective offices.
In October, 1976, the Judicial Commission, which was created pursuant to supreme court rule, 52 Wis.2d vii (1972), acting pursuant to rules of procedure promulgated by supreme court rule,57 Wis.2d vii (1973), and sec. 17.026, Stats., created by ch. 332, Laws of 1975, after preliminary investigation and public hearing made a Finding and Order, which provided in part:
FINDING
 That Circuit Judge Erwin C. Zastrow is incapable of performing, or materially impaired in his ability to perform, the duties of his office by reason of physical or mental infirmity, such infirmity having existed for a period of at least ninety (90) days prior to the filing of the Petition to declare a temporary vacancy, is presently existing, and will probably continue to exist for an indefinite period of time.
 The Judicial Commission having considered all the facts and circumstances in this matter now makes the following
ORDER
 It is the Order of the Judicial Commission that a temporary vacancy be, and it hereby is, declared in the 26th Circuit Court, Walworth County, and that such temporary vacancy shall exist in said court until further Order of the Judicial Commission or until the expiration of the present term of office of Circuit Judge Erwin C. Zastrow.
In August, 1977, acting pursuant to the same authority and procedures, the Judicial Commission made a Finding and Order which provided in part: *Page 7 
FINDING
 That Circuit Judge William E. Gramling will be incapable of performing, or materially impaired in his ability to perform, the duties of his office by reason of physical infirmity, which infirmity will exist for a period in excess of ninety (90) days.
 The Judicial Commission having considered all the facts and circumstances in this matter now makes the following
ORDER
 It is the Order of the Judicial Commission that a temporary vacancy be, and it hereby is, declared in Branch No. I of the 22nd Judicial Circuit Court in Waukesha County, Wisconsin, and that such temporary vacancy shall exist in said court until further Order of the Judicial Commission or until the expiration of the present term of office of Circuit Judge William E. Gramling.
The term of office for each of these judges expires in January, 1982. The former Judicial Commission was abolished as of July 31, 1978, by supreme court order filed July 27, 1978, and such Commission had not theretofore rescinded or otherwise altered either of the above orders. The present Judicial Commission was established pursuant to sec. 757.83, Stats., which was created by ch. 449, Laws of 1977, which chapter also created secs.757.81-757.99, Stats., and repealed former sec. 17.026, Stats.
You inquire:
 (1) The terms of the Order declaring a temporary vacancy for each judge states that it shall exist until "further Order of the Judicial Commission." Since said judicial commission was subsequently abolished and since the new commission has no power to issue Orders, what is the legal effect of this provision of Orders?
The supreme court has held that it had inherent power to create a judicial commission as an agency of the judicial branch of state government in aid of the administration of justice. Stateex rel. Lynch v. Dancey, 71 Wis.2d 287, 238 N.W.2d 81 (1976), and In re Hon. Charles E. Kading, 70 Wis.2d 508, 235 N.W.2d 409,238 N.W.2d 63, 239 N.W.2d 297 (1975). At that time and at present, Wis. Const. *Page 8 
art. XIII, sec. 10, provided: "The legislature may declare the cases in which any office shall be deemed vacant, and also the manner of filling the vacancy, where no provision is made for that purpose in this constitution." See 63 Op. Att'y Gen. 24 (1974). Chapter 332, Laws of 1975, created sec. 17.026, Stats., to provide in part that "whenever a judge of a circuit . . . court is found incapable of performing, or materially impaired in his ability to perform, the duties of his office, by reason of physical or mental infirmity, a temporary vacancy exists. The determination that a temporary vacancy exists shall be made by the judicial commission." The statute also provided that the supreme court shall establish procedures, that where a temporary vacancy is found the incumbent judge shall continue to receive his salary and other benefits and that "the duties of the office shall be assumed by a reserve judge." Under the procedures established, final authority was in the supreme court. See Rules of Procedure in 57 Wis.2d vii (1973), also shown in addendum to Wis. Stats. 1975 at pp. 27-31.
It is noted that the statute did not create a judicial commission but referred to "the judicial commission." The validity of the October, 1976, order which applied to Judge Erwin C. Zastrow was determined in State ex rel. Godfrey v. Gollmar,76 Wis.2d 417, 251 N.W.2d 438 (1977). The court held both the order and the statute, sec. 17.026, Stats., constitutionally valid. At p. 423, the court stated:
 It is apparent, therefore, that, under the statutes, the order of the Chief Justice of November 10, 1976, inaccurately referred to the appointment of Robert H. Gollmar to the "office" of circuit judge. Such order should more properly have directed that Robert H. Gollmar be appointed to perform the duties of that office during the period of the disability of Erwin C. Zastrow.
 Under the plain language of the statute, we conclude that the Constitution is not affronted, because the Judicial Commission does not declare a "vacancy" in the office in the sense that "vacancy" is used elsewhere in the statutes. "Temporary vacancy," as used in sec. 17.026, Stats., does not constitute an abdication of the office, resignation, or disqualification mandated by law, but is rather descriptive of that period of time during which a judge is incapable of performing, or is materially impaired in his ability to perform, the duties of his office. Sec. 17.026(1). The proceedings under sec. 17.026 do not result in a *Page 9 
vacancy in the office, nor do they result in the removal of the incumbent from office.
 We accordingly conclude that this statute does not contravene art. XIII, sec. 12, art. VII, sec. 1, or art. VII, sec. 13, which, respectively, refer to the recall, impeachment, or removal of judges by address. It is, of course, beyond argument that the constitutional provisions set forth above constitute the constitutionally exclusive methods of declaring a vacancy and the method of removal from office. They are inapplicable under the procedure approved by the legislature by which the office is not vacated by the incumbent and only the duties of the position, and not the office itself, are assumed by the appointee.
The judicial amendments of April, 1977, did not affect Wis. Const. art. XIII, sec. 12, or art. VII, sec. 1, and did not materially amend art. VII, sec. 13; but, art. VII, sec. 11, was created to provide:
 Each justice or judge shall be subject to reprimand, censure, suspension, removal for cause or for disability, by the supreme court pursuant to procedures established by the legislature by law. No justice or judge removed for cause shall be eligible for reappointment or temporary service. This section is alternative to, and cumulative with, the methods of removal provided in sections I and 13 of this article and section 12 of article XIII.
In my opinion, the present Judicial Commission is a successor in interest to the former Commission although it is created by statute rather than supreme court rule. It is a part of the judicial branch of government but has somewhat different powers than the former Commission. Under present statutes, the Commission has the power to investigate and prosecute before a jury or panel of judges and to make findings of fact and conclusions of law and recommendations as to discipline for misconduct or appropriate action for disability. The supreme court has final power as to discipline or "appropriate action" and pursuant to Wis. Const. art. VII, sec. 11, could remove for "cause or for disability." See secs. 757.85-757.91, Stats., as to temporary disability.
Section 757.97(1), Stats., provides that "if the supreme court determines that a judge has a temporary disability, a temporary vacancy exists." Subsections (2) and (3) provide for assumption of *Page 10 
duties by a reserve judge and continuance of salary and benefits to the disabled judge.
Neither ch. 449, Laws of 1977, nor the order of the supreme court abolishing the former Judicial Commission provide for a means of transition. The order of the supreme court filed July 27, 1978, appears to contemplate that the new Commission is to be successor in certain powers and functions to the former Commission. The fact that the former Judicial Commission has been abolished and the fact that the present Commission does not have final power to make orders does not mean that the Zastrow and Gramling orders no longer have force or that their terms cannot be changed by a proper authority. They were duly issued and are presumed to be valid in accordance with their terms until altered or held invalid by proper authority. In my opinion the supreme court has power to alter the terms of such orders in the event that there is petition or notice to the present Judicial Commission, investigation, hearing and recommendation, all as is provided for in secs. 757.81-757.99, Stats., and rules adopted by such Commission.
Your second question is:
 (2) Does the present Commission have jurisdiction over these two temporary vacancies?
The answer is yes. Broadly speaking, the Commission has jurisdiction over all judges defined in sec. 757.81(3), Stats.
The Judicial Commission has notice of the orders of the former Commission and may possess information as to a change in the health of the two judges. It has power to invoke its jurisdiction and probably has a duty pursuant to sec. 757.85(1), Stats., to "investigate any possible . . . disability of a judge."
 (3) Does the present Commission have jurisdiction to file a petition of permanent disability regarding these two judges?
The answer is yes. See Wis. Const. art. VII, sec. 11, and secs.757.81(2), (3), (6), (7), 757.85(1)-(6), 757.87, 757.89, and757.91, Stats.
BCL:RJV *Page 11